IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:18-CV-48-D

JOHNNA LAURAINE MORSE-LEWIS, )
)
Plaintiff, )
)
v. ) **ORDER**
)
ANDREW M. SAUL, )
Commissioner of Social Security, )
)
Defendant. )

On January 22, 2020, Magistrate Judge Swank issued a Memorandum and Recommendation ("M&R") [D.E. 16] and recommended that the court grant plaintiff's motion for judgment on the pleadings [D.E. 11], deny defendant's motion for judgment on the pleadings [D.E. 13], and remand the action to the Commissioner.[1] On February 3, 2020, defendant objected to the M&R and argued that plaintiff forfeited her argument that the Administrative Law Judge ("ALJ") was not properly appointed under the Appointments Clause at the time of plaintiff's Social Security hearing [D.E. 17]. Cf. Hamer v. Neighborhood Housing Servs. of Chicago, 138 S. Ct. 13, 17 n.1 (2017) (explaining that the terms "waiver" and "forfeiture" are not synonymous; forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right). On February 10, 2020, plaintiff filed a notice of supplemental authority [D.E. 18]. On February 14, 2020, defendant responded to plaintiff's notice of supplemental authority [D.E. 19]. As explained below, the court overrules defendant's objection and remands the action to the Commissioner for a new hearing before a different ALJ who is properly appointed.

---

[1] Under Federal Rule of Civil Procedure 25(d), the court substitutes Andrew M. Saul for Nancy A. Berryhill as Commissioner of Social Security. See Fed. R. Civ. P. 25(d).

I.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

As for defendant's objection concerning the Appointments Clause, defendant does not contend that the ALJ was properly appointed under the Appointments Clause at the time of plaintiff's Social Security hearing. See [D.E. 16] 6; cf. Lucia v. S.E.C., 138 S. Ct. 2044 (2019). Rather, defendant argues that because plaintiff failed to raise her Appointments Clause challenge with the ALJ, she forfeited the issue. See [D.E. 17] 1–2.

The Appointments Clause provides, in relevant part, that "Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the heads of Department." U.S. Const. art. II, § 2. After the Supreme Court's decision in Lucia, district courts in the Fourth Circuit and the Eastern District of North Carolina have divided over how Lucia applies to Social Security Administration ("SSA") ALJs and whether a claimant who fails to raise an Appointments Clause challenge with the SSA ALJ forfeits the ability to raise the issue in district court. See, e.g., Bradshaw v. Berryhill, 372 F. Supp. 3d 349, 362 (E.D.N.C. 2019) (declining to find forfeiture), appeal docketed, No. 19-1531 (4th Cir. May 17, 2019); Probst v. Berryhill, 377 F. Supp. 3d 578, 586 (E.D.N.C. 2019) (declining to find forfeiture), appeal docketed, No. 19-1529 (4th Cir. May 17, 2019); S.P. v. Berryhill, 379 F. Supp. 3d 498, 526 (E.D. Va. 2019)

(finding forfeiture), appeal docketed, No. 19-1681 (4th Cir. June 25, 2019); Burgin v. Berryhill, No. 1:17-CV-346-FDW, 2019 WL 1139500, at *6 (W.D.N.C. Mar. 12, 2019) (unpublished) (finding forfeiture); Bennett v. Berryhill, No. 2:17cv520, 2019 WL 1104186, *7–11 (E.D. Va. Feb. 15, 2019) (unpublished) (finding forfeiture); Graham v. Berryhill, No. 7:18-CV-22-FL, 2019 WL 1272545, at *3 (E.D.N.C. Jan. 10, 2019) (unpublished) (finding forfeiture), report and recommendation adopted by 2019 WL 1270933 (E.D.N.C. Mar. 19, 2019) (unpublished); Higgs v. Berryhill, No. 4:18-CV-22-FL, 2019 WL 848730, at *8 (E.D.N.C. Jan. 10, 2019) (unpublished) (finding forfeiture), report and recommendation adopted by 2019 WL 845406 (E.D.N.C. Feb. 21, 2019) (unpublished); Weatherman v. Berryhill, No. 5:18-CV-00045-MOC, 2018 WL 6492957, at *4 (W.D.N.C. Dec. 10, 2018) (unpublished) (finding forfeiture); Britt v. Berryhill, No. 5:18-CV-00030-FDW, 2018 WL 6268211, at *2 (W.D.N.C. Nov. 30, 2018) (unpublished) (finding forfeiture).

In Lucia, the Supreme Court held that the Securities and Exchange Commission's ("SEC") ALJs are "Officers of the United States" and are subject to the Appointments Clause. See Lucia, 138 S. Ct. at 2055. The Court reasoned that because SEC ALJs hold a "continuing position established by law," have "significant authority" under the law, are provided significant discretion when exercising the numerous ALJ functions, and issue decisions when proceedings conclude, SEC ALJs are "Officers" and not mere employees. Id. at 2052–54. The Court also held that "one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates [her] case is entitled to relief" and that the plaintiff in Lucia made just such a timely challenge. Id. at 2055. As a remedy, the Court remanded the action to the SEC for another hearing before a validly appointed SEC ALJ. See id.

Courts in the Eastern District of North Carolina disagree on what constitutes a "timely" challenge of an SSA ALJ's appointment under the Appointments Clause. In Probst, the court held

3

that a claimant need not raise his Appointments Clause challenge at the SSA ALJ hearing in order to "timely" raise the challenge in district court. The Probst court reasoned that some courts read Lucia as establishing a per se rule that an Appointments Clause challenge not raised with the SSA ALJ is not "timely" and may not be raised in district court. See Probst, 377 F. Supp. 3d at 584; see also Bradshaw, 372 F. Supp. 3d at 352–53. The Probst court, however, concluded that Lucia did not mean that a "timely" Appointments Clause challenge had to be raised with the SSA ALJ. In support, the Probst court highlighted that the SEC regulations at issue in Lucia required a plaintiff to exhaust all issues with the SEC ALJ that the plaintiff seeks to raise in district court, while the statutes and regulations governing the SSA administrative process do not. See Probst, 377 F. Supp. 3d at 584–85; see also Bradshaw, 372 F. Supp. 3d at 352–53; cf. Lucia, 138 S. Ct. at 2055.

The Probst court also analyzed Sims v. Apfel, 530 U.S. 103 (2000). In Sims, the Supreme Court held that a plaintiff had not forfeited her Appointments Clause challenge in district court that she failed to raise with the SSA Appeals Council. See id. at 105. The Sims Court noted that "requirements of issue exhaustion are largely creatures of statute," and that "it is common for an agency's regulations to require issue exhaustion in administrative appeals." Id. at 108–09. Furthermore, in Sims, the Court recognized that issue exhaustion in administrative settings is "the general rule" because "it is usually appropriate under an agency's practice for contestants in an adversary proceeding to develop fully all issues there." Id. at 109. Accordingly, "the desirability of a court imposing a requirement of issue exhaustion depends on the degree to which the analogy to normal adversarial litigation applies in a particular administrative proceeding." Id. If the analogy is strong, then imposing an issue exhaustion requirement makes sense. See id. at 110. If the analogy is weak, then imposing an issue exhaustion requirement does not make sense. See id. Although the Sims Court did not address issue exhaustion in administrative hearings with an SSA

4

ALJ, the Probst court found Sims's reasoning persuasive. See Probst, 377 F. Supp. 3d at 584. Specifically, the Probst court held that exhaustion of an Appointments Clause challenge with the SSA ALJ is not required because of the inquisitorial, and explicitly non-adversarial, nature of the SSA proceedings before the ALJ. See Probst, 377 F. Supp. 3d at 584; see also Bradshaw, 372 F. Supp. 3d at 352–58.

In contrast to Probst, the Higgs court held that an Appointments Clause challenge is not "timely" under Lucia if the plaintiff does not raise the challenge with the SSA ALJ. See Higgs, 2019 WL 848730, at *7–8. The Higgs court construed Lucia to mean that plaintiff's challenge in Lucia was timely only "because he challenged the ALJ's appointment before the SEC and continued to pursue his claim in court." Id. at *8. Because the plaintiff in Higgs raised his Appointments Clause challenge for the first time in district court, the Higgs court held that his challenge was untimely under Lucia and thereby forfeited. See id. In support, the Higgs court cited other district court decisions reaching the same conclusion. See id. (collecting cases); Edwards v. Berryhill, No. 3:18-CV-615 (JAG), 2019 WL 2619542, at *4 (E.D. Va. June 6, 2019) (unpublished).

The United States Court of Appeals for the Third Circuit is the first federal circuit court to address whether a plaintiff must raise an Appointments Clause challenge with the SSA ALJ or forfeit the issue. See Cirko v. Comm'r of Soc. Sec., 948 F.3d 148, 153 (3d Cir. 2020). In Cirko, the Third Circuit held that such issue exhaustion is not required. See id. In support, the Third Circuit noted that the SSA statutes and SSA regulations do not require a plaintiff to exhaust all issues with the ALJ. See id. The Third Circuit then analyzed whether to require issue exhaustion under McCarthy v. Madigan, 503 U.S. 140, 146 (1992), superseded by statute on other grounds by 42 U.S.C. §

5

1997(e). See Cirko, 928 F.3d at 153.² In McCarthy, the Court examined whether a plaintiff must exhaust administrative remedies before raising a claim in federal court by assessing "(a) the nature of the claim presented, (b) the characteristics of the particular administrative procedure provided, and (c) the proper balance between the interest of the individual in retaining prompt access to a federal judicial forum and countervailing institutional interests favoring exhaustion." Id. (quotations and alterations omitted).

Under the first factor, the Third Circuit in Cirko noted that "structural constitutional claims," that is, those claims that affect both individual rights and structural separation of powers, are generally not subject to exhaustion requirements. Cirko, 928 F.3d at 153; see Glidden Co. v. Zdanok, 370 U.S. 530, 536–37 (1962).³ The Third Circuit also noted that the Appointments Clause was originally understood to deter officers from unlawfully infringing individual liberties, and the Court's decisions in Lucia and Freytag v. Commissioner of Internal Revenue, 501 U.S. 868 (1991), counsel courts to exercise caution before imposing exhaustion of claims concerning another branch of government. See Cirko, 948 F.3d at 153–54.

As for the second factor, the Third Circuit in Cirko reiterated that, as in Sims, the SSA

---

² The Fourth Circuit has endorsed the McCarthy framework. See Cavalier Telephone, L.L.C. v. Va. Elec. & Power Co., 303 F.3d 316, 323 (4th Cir. 2002); Volvo GM Heavy Truck Co. v. U.S. Dep't of Labor, 118 F.3d 205, 211 n.8 (4th Cir. 1997).

³ In Nationsbank Corp. v. Herman, 174 F.3d 424 (4th Cir. 1999), the Fourth Circuit "reject[ed] the contention that constitutional claims should be exempt from exhaustion requirements." Id. at 429. When requiring administrative exhaustion in Nationsbank, however, Congress "ha[d] clearly required exhaustion" and the "agencies[] did speak clearly in requiring exhaustion." Id. at 428 (quotations omitted); see Volvo GM Heavy Truck Corp., 118 F.3d at 211. Moreover, in Nationsbank, the Fourth Circuit was not analyzing the Social Security Act and its implementing regulations. Furthermore, the Fourth Circuit decided Nationsbank in the context of administrative exhaustion, not issue exhaustion. Cf. McCarthy, 530 U.S. at 113 (O'Connor, J., concurring); Cirko, 948 F.3d at 153 n.3.

6

statutes and regulations do not require issue exhaustion in SSA ALJ hearings. The Third Circuit also noted the inquisitorial, rather than adversarial, nature of such hearings and that claimants are not required to make arguments or even state their case for disability benefits. See id. at 155–56.

As for the third factor, the Third Circuit in Cirko first analyzed the individual interest in raising the Appointments Clause challenge in federal court. See id. at 156–58. The Third Circuit observed that requiring issue exhaustion would inordinately burden SSA claimants because forcing SSA claimants to raise a constitutional argument conflicts with the inquisitorial design of SSA ALJ hearings. See id. at 156–57. The burden would be particularly heavy for a pro se claimant given that no other participant in the SSA proceedings (i.e., the ALJ) is likely to raise an Appointments Clause challenge on the claimant's behalf. See id. at 157. The Third Circuit noted that the context of SSA hearings, where a claimant often is pursuing benefits due to serious medical disabilities, only heightens the individual interests at stake. See id. In contrast, governmental interests favoring issue exhaustion are particularly low for SSA ALJ hearings. Generally, agencies have an interest in deference to their expertise, but a constitutional challenge to the appointment of the presiding ALJ falls outside the realm of agency deference. See id. at 158. Furthermore, neither the ALJ nor the SSA Appeals Council is empowered to correct such an Appointments Clause violation. See id. at 158–59. Lastly, contrary to the SSA's arguments, not requiring issue exhaustion largely would affect only those cases currently pending in district courts. See id. at 159. Thus, the Third Circuit concluded that the three McCarthy factors counseled against requiring issue exhaustion in Social Security cases concerning the Appointments Clause. See id.

The Third Circuit's analysis in Cirko is very persuasive, and this court adopts it.

Accordingly, the court overrules defendant's objection.[4]

In opposition, defendant cites Ryder v. United States, 515 U.S. 177, 182–83 (1995), and United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33, 35 (1952), and argues that claims are timely only if raised with the ALJ appointed to hear them. See [D.E. 17] 2–3. Ryder, however, involved military courts, not administrative tribunals. See Ryder, 515 U.S. at 179, 182–83. Moreover, L.A. Trucker addressed an appointment's validity under the Administrative Procedure Act. See L.A. Trucker, 344 U.S. at 35.

Next, defendant argues that several federal circuit courts, both before and after Lucia, have held that a plaintiff forfeits an Appointments Clause challenge that was not raised with the ALJ. See [D.E. 17] 4–5. None of the cases, however, analyzed issue exhaustion with SSA ALJs, and the cases do not provide a persuasive analogy. See Pharmacy Doctors Enter's., Inc. v. Drug Enf't Admin., 789 F. App'x 724, 728 (11th Cir. 2019) (per curiam) (unpublished); Island Creek Coal Co. v. Bryan, 937 F.3d 738, 754 (6th Cir. 2019); Malouf v. SEC, 933 F.3d 1248, 1258 (10th Cir. 2019); Kabani & Co. v. SEC, 733 F. App'x 918, 919 (9th Cir. 2018) (per curiam) (unpublished); Intercollegiate Broad. Sys., Inc. v. Copyright Royalty Bd., 574 F.3d 748, 755–56 (D.C. Cir. 2009) (per curiam); In re DBC, 545 F.3d 1373, 1377–81 (Fed. Cir. 2008).

Defendant also argues that other federal circuit courts require a plaintiff to exhaust certain issues with the SSA ALJ. Defendant, however, does not identify a federal circuit court that requires a plaintiff to exhaust an Appointments Clause challenge in this context. See Shaibi v. Berryhill, 883 F.3d 1102, 1109 (9th Cir. 2017); Maloney v. Comm'r of Soc. Sec., 480 F. App'x 804, 810 (6th Cir.

---

[4] The court recognizes that some other district courts, outside of the Fourth Circuit, have declined to follow Cirko's reasoning. See, e.g., Griffin v. Comm'r of Soc. Sec., No. 18-CV-85-LRR, 2020 WL 733886, at *10 (N.D. Iowa Feb. 13, 2020) (collecting cases).

2012) (unpublished); Anderson v. Barnhart, 344 F.3d 809, 814 (8th Cir. 2003); Mills v. Apfel, 244 F.3d 1, 8 (1st Cir. 2001); cf. Cirko, 948 F.3d at 153 n.11.

Defendant next argues that issue exhaustion "makes sense" because the SSA hearing is the "main event" for a disability claimant, and other SSA regulations impose obligations on the claimant to raise certain issues at certain times in the proceedings. See [D.E. 17] 6–7. This argument, however, ignores the specific features of the SSA ALJ hearing examined at length in Probst and Cirko. See Cirko, 948 F.3d at 155–57; Probst, 377 F. Supp. 3d at 585–86. As for defendant's argument that raising an Appointments Clause challenge is "as adversarial as it gets," [D.E. 17] 8, the argument ignores that the salient factor under Sims and McCarthy is the degree to which the administrative proceedings are adversarial, not the issue to be raised.

Defendant also asserts that not requiring a claimant to raise an Appointments Clause challenge with the SSA ALJ will disrupt the SSA review process because the SSA will have to deal with remanded cases in addition to the already heavy workload. See id. at 9. As the Cirko court discussed, this forecast is not nearly as ominous as projected. See Cirko, 948 F.3d at 159.

Finally, defendant argues that not requiring a claimant to raise an Appointments Clause challenge with the SSA ALJ creates "perverse incentives" because a claimant will strategically raise an Appointments Clause challenge only in the event the claimant is dissatisfied with the SSA ALJ's decision. See [D.E. 17] 9–10. Such incentives are unlikely to materialize. Following Lucia, the Commissioner expressly ratified the appointment of all SSA ALJs. See SSR 19-1p: Titles II and XVI: Effect of the Decision in Lucia v. Securities and Exchange Commission (SEC) on Cases Pending at the Appeals Council, 84 Fed. Reg. 9582-02 (Mar. 15, 2019). Accordingly, the court overrules defendant's objections.

II.

In sum, the court OVERRULES defendant's objections to the M&R [D.E. 17] and REMANDS the action to the Commissioner for a new hearing before a different ALJ who is properly appointed.

SO ORDERED. This 12 day of March 2020.

*J. Dever*
JAMES C. DEVER III
United States District Judge